UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| URIAH GRIPKA, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART INC., <br><br>    Serve: <br><br>    C T Corporation System <br>    120 S. Central Ave. <br>    Clayton, MO 63105 <br><br> and <br><br> DELIVERY DRIVERS, INC., <br><br>    Serve: <br><br>    Aaron Hageman <br>    9008 Research Drive <br>    2nd Floor <br>    Irvine, CA 92618 <br><br>    Defendants. | Case No: <br><br> Division: <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

COMES NOW Plaintiff Uriah Gripka, by and through counsel, and for his cause of action against Defendants Walmart Inc. and Delivery Drivers, Inc. states as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff is a lawful resident of the State of Missouri.

2. Defendant Walmart Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

3. Defendant Walmart, Inc. can be served through its registered agent, C T Corporation System, 120 S. Central Ave., Clayton, Missouri 63105.

4. Defendant Delivery Drivers, Inc. is a California corporation with its principal place of business located in Irvine, California.

5. Defendant Delivery Drivers, Inc. can be served through its registered agent, Aaron Hageman, 9008 Research Drive, 2nd Floor, Irvine, California 92618.

6. Plaintiff and Defendants are residents of separate states and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

7. Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

8. On or about June 22, 2021, Plaintiff was operating a 2014 Harley-Davidson Street Glide motorcycle.

9. On or about June 22, 2021, James Chambers was operating a 2013 Ford F-150.

10. Plaintiff was traveling northbound on South Main Street approaching the intersection with West 34th Street in Joplin, Newton County, Missouri.

11. James Chambers was traveling eastbound on West 34th Street at the intersection with South Main Street in Joplin, Newton County, Missouri.

12. As James Chambers crossed the northbound lanes of South Main Street, he collided with Plaintiff's vehicle.

13. Plaintiff had the right of way.

14. Plaintiff did nothing to cause James Chambers to collide with his vehicle.

15. James Chambers was thereby negligent in that he:

a. Drove at an excessive speed (MAI 17.03);

b. Knew or could have known there was a reasonable likelihood of collision in time to have stopped, swerved, slackened speed, sounded a warning, slackened speed and swerved, slackened speed and sounded a warning, or swerved and sounded a warning, but failed to do so (MAI 17.04);

c. Failed to keep a careful lookout (MAI 17.05); and

d. Failed to yield the right of way (MAI 17.08).

## **COUNT I – NEGLIGENCE (WALMART INC.)**

COMES NOW Plaintiff Uriah Gripka, by and through counsel, and for Count I of his cause of action against Defendant Walmart Inc. states as follows:

16. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

17. At the time of the collision in question, James Chambers was operating the 2013 Ford F-150 in the course and scope of his employment with, and/or as an agent of, Defendant Walmart Inc.

18. Defendant Walmart Inc. is vicariously liable to Plaintiff for the negligent actions of James Chambers while James Chambers was acting within the course and scope of his employment and/or agency with Defendant Walmart Inc.

19. Defendant Walmart Inc. breached its duty to Plaintiff, by and through the actions of their employee and/or agent James Chambers, and thereby directly and proximately caused injury to Plaintiff.

20. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff sustained injury to his head, face, neck, lower

extremities, upper extremities, and pelvis, thereby causing him permanent pain and suffering as a direct result.

21. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care and is reasonably likely to undergo additional care and treatment in the future.

22. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff has incurred medical bills and is reasonably likely to incur additional medical bills in the future.

23. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff has incurred lost wages and is reasonably likely to incur additional lost wages in the future.

WHEREFORE, Plaintiff Uriah Gripka prays judgment against Defendant Walmart Inc. in an amount in excess of $75,000.00, for his costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENT HIRING/TRAINING/SUPERVISION
## (WALMART INC.)

COMES NOW Plaintiff Uriah Gripka, by and through counsel, and for Count II of his cause of action against Defendant Walmart Inc..states as follows:

24. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25. Defendant Walmart Inc. owed Plaintiff a duty to exercise due care in the hiring of employees/agents who drive vehicles as part of their duties.

26. Defendant Walmart Inc. owed Plaintiff a duty to exercise due care in the training of employees/agents who drive vehicles as part of their duties.

27. Defendant Walmart Inc. owed Plaintiff a duty to exercise due care in the supervision of employees/agents who drive vehicles as part of their duties.

28. Defendant Walmart Inc. breached these duties in that it:

   a. Did not properly investigate the driving history of James Chambers;

   b. Did not conduct a proper background check on James Chambers;

   c. Did not properly train and educate James Chambers on his duties and responsibilities in the operation of a motor vehicle on behalf of Defendant Walmart Inc.; and

   d. Did not perform sufficient supervision of James Chambers in the execution of his duties.

29. Plaintiff suffered harm as a direct and proximate result of Defendant Walmart Inc.'s breach of its duties.

30. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff sustained injury to his head, face, neck, lower extremities, upper extremities, and pelvis, thereby causing him permanent pain and suffering as a direct result.

31. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care and is reasonably likely to undergo additional care and treatment in the future.

32. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff has incurred medical bills and is reasonably likely to incur additional medical bills in the future.

33. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Walmart Inc., Plaintiff has incurred lost wages and is reasonably likely to incur additional lost wages in the future.

WHEREFORE, Plaintiff Uriah Gripka prays judgment against Defendant Walmart Inc. in an amount in excess of $75,000.00, for his costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT III – NEGLIGENCE (DELIVERY DRIVERS, INC.)

COMES NOW Plaintiff Uriah Gripka, by and through counsel, and for Count III of his cause of action against Defendant Delivery Drivers, Inc. states as follows:

34. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35. At the time of the collision in question, James Chambers was operating the 2013 Ford F-150 in the course and scope of his employment with, and/or as an agent of, Defendant Delivery Drivers, Inc.

36. Defendant Delivery Drivers, Inc. is vicariously liable to Plaintiff for the negligent actions of James Chambers while James Chambers was acting within the course and scope of his employment and/or agency with Defendant Delivery Drivers, Inc.

37. Defendant Delivery Drivers, Inc. breached its duty to Plaintiff, by and through the actions of their employee and/or agent James Chambers, and thereby directly and proximately caused injury to Plaintiff.

38. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff sustained injury to his head, face, neck, lower extremities, upper extremities, and pelvis, thereby causing him permanent pain and suffering as a direct result.

39. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care and is reasonably likely to undergo additional care and treatment in the future.

40. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff has incurred medical bills and is reasonably likely to incur additional medical bills in the future.

41. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc.Plaintiff has incurred lost wages and is reasonably likely to incur additional lost wages in the future.

WHEREFORE, Plaintiff Uriah Gripka prays judgment against Defendant Delivery Drivers, Inc.in an amount in excess of $75,000.00, for his costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT IV – NEGLIGENT HIRING/TRAINING/SUPERVISION
### (DELIVERY DRIVERS, INC.)

COMES NOW Plaintiff Uriah Gripka, by and through counsel, and for Count IV of his cause of action against Defendant Delivery Drivers, Inc. states as follows:

42. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

43. Defendant Delivery Drivers, Inc. owed Plaintiff a duty to exercise due care in the hiring of employees/agents who drive vehicles as part of their duties.

44. Defendant Delivery Drivers, Inc. owed Plaintiff a duty to exercise due care in the training of employees/agents who drive vehicles as part of their duties.

45. Defendant Delivery Drivers, Inc. owed Plaintiff a duty to exercise due care in the supervision of employees/agents who drive vehicles as part of their duties.

46. Defendant Delivery Drivers, Inc. breached these duties in that it:

    a. Did not properly investigate the driving history of James Chambers;

    b. Did not conduct a proper background check on James Chambers;

    c. Did not properly train and educate James Chambers on his duties and responsibilities in the operation of a motor vehicle on behalf of Defendant Delivery Drivers, Inc.; and

    d. Did not perform sufficient supervision of James Chambers in the execution of his duties.

47. Plaintiff suffered harm as a direct and proximate result of Defendant Delivery Drivers, Inc.'s breach of its duties.

48. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff sustained injury to his head, face, neck, lower extremities, upper extremities, and pelvis, thereby causing him permanent pain and suffering as a direct result.

49. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff has been required to undergo reasonable and necessary medical and therapeutic care and is reasonably likely to undergo additional care and treatment in the future.

50. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff has incurred medical bills and is reasonably likely to incur additional medical bills in the future.

51. As a direct and proximate result of the aforesaid occurrence and the carelessness and negligence of Defendant Delivery Drivers, Inc., Plaintiff has incurred lost wages and is reasonably likely to incur additional lost wages in the future.

WHEREFORE, Plaintiff Uriah Gripka prays judgment against Defendant Delivery Drivers, Inc. in an amount in excess of $75,000.00, for his costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

SCHULTZ & MYERS, LLC

/s/ Thomas G. Wilmowski, Jr.
_____
Thomas G. Wilmowski, Jr., #60721
9807 S. Forty Drive
St. Louis, Missouri 63124
Telephone: 314-444-4444
Facsimile: 314-720-0744
E-mail: tom@schultzmyers.com