IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| URIAH GRIPKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-CV-05017-MDH |
| | ) |
| WALMART, INC., and DELIVERY DRIVERS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Delivery Drivers, Inc.'s ("DDI") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 24). Also before the Court is Defendant Walmart, Inc.'s ("Walmart") Motion to Dismiss. (Doc. 26). For the reasons set forth herein, both motions are **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

On May 31, 2022, Plaintiff filed his Amended Complaint against Defendant DDI and Defendant Walmart, Inc. based on a motor vehicle accident between Plaintiff and Walmart delivery truck driver James Chambers. (Doc. 21). Plaintiff alleges in his Amended Complaint that Chambers is the employee or agent of one, or both, of the defendants. (Doc. 21, ¶¶ 17, 46). In Count I, Plaintiff brings a claim against Walmart based on a theory of vicarious liability. In Count II, Plaintiff alleges negligent hiring, training, and supervision against Walmart. Similarly, Plaintiff brings a vicarious liability claims and a claim of negligent hiring, training, and supervision against DDI in Counts III and IV respectively.

1

## STANDARD

Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id*. (citation omitted). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed for "failure to state a claim upon which relief can be granted." A complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court is not bound to accept legal conclusions as true when they are disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole*, 599 F.3d at 861 (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Thus, if the complaint fails to contain adequate "factual content" to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged" then dismissal is appropriate. *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Plaintiff brings the same two claims against both defendants. Plaintiff's assertions against both DDI and Walmart hinge on whether Defendants and Chambers had an employer-employee relationship. The arguments in the Motions to Dismiss of both Defendants are nearly identical as well. Therefore, the Court takes up and considers the arguments made by both Defendants together.

**A. Counts I and III—Vicarious Liability**

In Counts I and III, Plaintiff alleges both Defendants are vicariously liable for the actions of Chambers with respect to the vehicular accident underlying Plaintiff's claims. For all counts in the Amended Complaint, Plaintiff is required to prove that Chambers was an employee of Defendants. *See Ascoli v. Hinck*, 256 S.W.3d 592, 594 (Mo. App. W.D. 2008). To prove that Chambers was DDI's employee, Plaintiff must establish that the DDI had a right to control and to direct Chambers conduct while he performed his job duties. *Bargfrede v. American Income Life Insurance Company*, 21 S.W.3d 157, 161 (Mo.App.2000).

Both Defendants argue that the written contracts they entered into with Chambers demonstrate that Chambers is not an employee of either DDI or Walmart. DDI specifically argues that

> [T]he agreement demonstrates Chambers did not provide any services to Defendant DDI, Defendant DDI did not have any control over any of the services Chambers provided, Defendant DDI did not supervise Chambers, Defendant DDI did not provide Chambers with any supplies, instrumentalities, or tools, Chambers was paid by the delivery and paid Defendant DDI to process his payments, and the parties expressly agreed nothing in the agreement was intended to create an employer/employee or principal agent relationship.

(Doc. 25 at 8). Walmart makes a virtually identical argument, asserting that "the agreement clearly demonstrates that Chambers was an independent contractor of Defendant Walmart." (Doc. 27 at 4).

The Court acknowledges the significance of the terms of the contracts between Chambers and Defendants. However, as both Defendants recognize, under Missouri law, the question as to whether someone is an employee or an independent contractor is a factual determination. *J.M. v. Shell Oil Co.*, 922 S.W.2d 759, 764 (Mo. 1996). A written contract with language favorable to Defendants' position is not dispositive. The facts considered to determine whether an employee/employer or independent contractor relationship exists are:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

*Restatement (Second) of Agency* § 220 (Am. Law Inst. 1958)).

At the motion to dismiss stage, Plaintiff's allegations in his Amended Complaint are sufficient. Plaintiff argues that discovery may allow him to prove his claims, including proving the

existence of an employee-employer relationship between Plaintiff and one or both Defendants. Accordingly, Count I, asserted against DDI, is not dismissed. Count III, asserted against Walmart, is not dismissed.

**B. Counts II and IV—Negligent Hiring, Training and Supervision**

Both Defendants argue in their Motions to Dismiss that Plaintiff has failed to allege a *prima facie* case for negligent hiring and additionally failed to allege a *prima facie* case for negligent training and supervision. For a negligent hiring claim, liability turns on whether there are facts from which the employer knew or should have known of a particular dangerous proclivity of an employee followed by employee misconduct consistent with such dangerous proclivity by the employee. *See Restatement Second, Torts* § 302B, comment e, note D.

Plaintiff must allege that Defendants knew or should have known of dangerous proclivities of Chambers. *Strauss v. Hotel Continental Co., Inc.*, 610 S.W.2d 109 (Mo. App. W.D. 1980); *Butler v. Hurlbut*, 826 S.W.2d 90 (Mo. App. E.D. 1992); *Gaines v. Monsanto Co.*, 655 S.W.2d 568 (Mo. App. E.D. 1983) (Plaintiff alleged *prima facie* case of negligent hiring by alleging employer *knew* of tortfeasors prior convictions for rape and assault, hired him, and required him to circulate among defendant's female employees). Here, the Amended Complaint is completely silent as to any dangerous proclivities of Chambers that Defendants knew or should have known about.

Similarly, Plaintiff failed to adequately plead the required elements of a negligent training and supervision claim. Negligent supervision is derived from the common law tort of negligence. *Cook v. Smith,* 33 S.W.3d 548, 553 (Mo.App. W.D.2000). A cause of action for negligent supervision is established in circumstances where a master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him

5

from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if:

(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

*Reed v. Kelly,* 37 S.W.3d 274, 278 (Mo. App. E.D. 2000) (*quoting* Restatement (Second) of Torts section 317 (1965)); *see also Gibson v. Brewer,* 952 S.W.2d 239, 247 (Mo.banc 1997). In his Amended Complaint, Plaintiff specifically pleads that Chambers was acting within the course and scope of his employment at the time of the underlying accident.

Plaintiff simply fails to plead the required elements of a negligent hiring or negligent supervision and training claim. Plaintiff's only argument in response to Defendants is an empty statement that the Amended Complaint satisfies the notice pleading standard and that "Defendants have lost track of the purpose of notice pleading." However, asserting that the pleadings are sufficient does not cure the fact that Plaintiff failed to plead what is required to state a claim for negligent hiring, training, and supervision in his Amended Complaint. Therefore, Count II, alleged against DDI, is dismissed with prejudice. Count IV, alleged against Walmart, is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, DDI's Motion to Dismiss (Doc. 24) is **GRANTED IN PART AND DENIED IN PART**, and Walmart's Motion to Dismiss (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**. Counts I and III of the Amended Complaint are not dismissed. Counts II and IV are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: July 11, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**